IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-44,856-03 & WR-44,856-04






EX PARTE BOBBY WAYNE WOODS









ON SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS AND
APPLICATION FOR WRIT OF PROHIBITION

IN CAUSE NO. 7487 IN THE 355TH DISTRICT COURT

HOOD COUNTY




 Per Curiam. PRICE and JOHNSON, JJ., dissent for the reasons stated in their
respective opinions in Ex parte Alba and Ex parte Chi. 


O R D E R



 We have before us an application for writ of habeas corpus and a motion for leave to
file a writ of prohibition. Applicant/relator asserts that the chemicals used by Texas during
execution by lethal injection would violate his Eighth Amendment right against cruel and
unusual punishment.

 Applicant was convicted of capital murder on May 21, 1998. We affirmed the
conviction and sentence on direct appeal. Woods v. State, No. AP-73,136 (Tex. Crim. App.
June 14, 2000)(not designated for publication). On September 15, 1999, applicant filed his
initial post-conviction application for writ of habeas corpus pursuant to Article 11.071. We
denied relief. Ex parte Woods, No. WR-44,856-01 (Tex. Crim. App. Sept. 13, 2000)(not
designated for publication). Applicant filed a subsequent application in which he asserted
that he was mentally retarded. We held that the application met the requirements of Article
11.071, § 5, and remanded the case to the trial court for consideration of the claims raised. 
After the convicting court conducted a hearing and entered findings, we denied relief. Ex
parte Woods, No. WR-44,856-02 (Tex. Crim. App. Apr. 27, 2005)(not designated for
publication).

 The instant subsequent application and motion for leave to file a writ of prohibition
challenging Texas' execution protocol were received by this Court on October 15, 2007. We
have reviewed applicant's subsequent application and find that it should be dismissed. See
Ex parte Alba, S.W.3d , No. AP-75,510 (Tex. Crim. App. June 9, 2008). We have
reviewed the application for the writ of prohibition and deny leave to file. See Ex parte Chi, 
 S.W.3d , No. AP-75,931 (Tex. Crim. App. June 9, 2008).

 IT IS SO ORDERED THIS THE 10TH DAY OF SEPTEMBER, 2008.


Do Not Publish